UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

_____

JCC 9 CONDOMINIUM
ASSOCIATION, INC,

     Plaintiff,                                                   CASE NO.: 8:23-cv-965

vs.

RENAISSANCERE SPECIALTY U.S.
LTD INSURANCE,

     Defendant.

_____

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, RENAISSANCERE SPECIALTY U.S. LTD INSURANCE ("Defendant"), by and through its undersigned counsel, hereby files its Notice of and Petition for Removal.  Defendant requests that this Court remove this action from the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, and states as follows:

### Background

1.    On or about March 24, 2023, Plaintiff, JCC Condominium Association, Inc. ("Plaintiff"), filed a civil action in the Circuit Court of the

1

Twelfth Judicial Circuit, in and for Sarasota County, Florida, under the name and style *JCC 9 Condominium Associations, Inc. v. RenaissanceRe Specialty U.S. Ltd Insurance,* Case No. 2023-CA-001302 NC (the "Circuit Court Case").

2.    Defendant was served with Plaintiff's Complaint on April 3, 2023. *See* Complaint, filed contemporaneously herewith.

3.    The Complaint in the Circuit Court Case seeks benefits under a policy of insurance issued by Defendant to Plaintiff and alleges one claim for breach of contract.  The breach of contract claim in the Complaint relates to property damage that allegedly occurred on September 28, 2022. *See* Complaint at ¶ 8.

## Removal is Proper Based on Diversity Jurisdiction

4.    This action is within original jurisdiction of the United States District Court, pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).

### *There is Complete Diversity of Citizenship*

5.    Pursuant to 28 U.S.C. § 1332 "[a] corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business."

6.    In the instant case, Plaintiff is a Florida non-profit corporation with its principal place of business at 389 Commercial Court, Suite D, Venice, FL 34292.  See Sunbiz records attached as **Exhibit A**.

7.    Defendant is a foreign corporation, organized under the laws of Bermuda, with its principal place of business at Renaissance House, 12 Crow Lane, Pembroke, HM19, Bermuda.  See corporate records attached as **Exhibit B**.

8.    Accordingly, there is complete diversity of citizenship between the parties to this action under 28 U.S.C. 1332(a)(2) because the parties are citizens of different states.

### *The Amount in Controversy Exceeds the Jurisdictional Amount*

9.    In addition, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10.    Where a plaintiff has not alleged a specific amount of damages, a removing defendant bears the burden to show by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *Devore v. Howmedica Osteonics Corp.,* 2009 U.S. Dist. LEXIS 94040, *21 (M.D. Fla. Sept. 28, 2009).  If a district court cannot determine the amount of controversy from the face of the complaint, it should consider the allegations in the notice of removal and any summary judgment type evidence that the amount in

controversy exceeds $75,000.00, including post-suit settlement offers. *See Hardesty v. State Farm Mut. Auto. Ins. Co.,* 2009 U.S. Dist. LEXIS 45800, *3 (M.D. Fla. 2009); *Depina v. Iron Mountain Information Management, Inc.*, 2005 U.S. Dist. LEXIS 38831, *2 (M.D. Fla. 2005); *Martin v. Mentor Corp.,* 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001).

11.    While the Complaint does not specifically quantify Plaintiff's damages, Plaintiff submitted a notice of intent to litigate and a repair estimate to Defendant in the amount of $481,952.00.  See notice of intent to litigate attached as **Exhibit C**.

12.    Accordingly, the amount in controversy in this case exceeds the jurisdictional amount under 28 U.S.C. § 1332(a)(1)

## Venue

13.    The United States District Court for the Middle District of Florida, Tampa Division, includes the judicial circuit in which Plaintiff filed its Complaint.  Thus, removal is proper to this Court pursuant to 28 U.S.C. § 1446(a).

## Compliance with Procedural Requirements

13.    Pursuant to 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the

defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." This matter was originally removed within thirty (30) days after the receipt by Defendant of notice of the basis for removal. Specifically, Defendant first ascertained that this case was removable upon service of the Complaint on April 3, 2023. Thus, this notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b)

14.    Copies of all processes, pleadings, orders and other papers or exhibits of every kind currently on file with the state court are filed with this notice of removal as required by 28 U.S.C. § 1446(a).

15.    Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of removal of this action to all parties in this action and will file a copy of the notice with the Clerk of the Circuit Court of the Twelfth Judicial Circuit, in and for Sarasota County, Florida.

WHEREFORE, Defendant, RENAISSANCERE SPECIALTY U.S. LTD INSURANCE respectfully requests that the United States District Court for the Middle District of Florida, Tampa Division, accept the removal of this action from the state court and direct that the Circuit Court of the Twelfth Judicial

Circuit in and for Sarasota County, Florida have no further jurisdiction of this matter unless and until this case is remanded.

DATED 3rd day of May, 2023.

Respectfully submitted,

*/s/ Christine A. Wasula*
CHRISTINE A. WASULA
FBN: 0148164
COLE, SCOTT, & KISSANE, P.A.
Tower Place, Suite 400
1900 Summit Boulevard
Orlando, FL 32810
Telephone: (321) 972-0075
Facsimile: (321) 972-0099
Email: christine.wasula@csklegal.com
Email: mcherie.heckford@csklegal.com
*Attorneys for Defendant, RenaissanceRe Specialty U.S. Ltd. Insurance*

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2023, I filed the foregoing with the Clerk of Court via the CM/ECF filing system, which will send a notice of electronic filing to all counsel of record.

*/s/ Christine A. Wasula*
Christine A. Wasula
FBN: 0148164



## Detail by Entity Name

Florida Not For Profit Corporation

JCC 9 CONDOMINIUM ASSOCIATION, INC.

**Filing Information**

| | |
|---|---|
| **Document Number** | N06000005150 |
| **FEI/EIN Number** | 20-4894076 |
| **Date Filed** | 05/08/2006 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | AMENDMENT |
| **Event Date Filed** | 05/18/2006 |
| **Event Effective Date** | NONE |

**Principal Address**

389 COMMERCIAL COURT
SUITE D
VENICE, FL 34292

Changed: 02/03/2015

**Mailing Address**

389 COMMERCIAL CT
SUITE C
VENICE, FL 34292

Changed: 02/14/2017

**Registered Agent Name & Address**

BAY, WILLIAM
389 COMMERCIAL CT
SUITE C
VENICE, FL 34292

Name Changed: 02/14/2017

Address Changed: 02/14/2017

**Officer/Director Detail**

**Name & Address**

Title Treasurer

**EXHIBIT A**

BAY, WILLIAM
389 COMMERCIAL CT
SUITE C
VENICE, FL 34292

Title President

Wang, JIAN
389 COMMERCIAL CT. #B
VENICE, FL 34292

## Annual Reports

| Report Year | Filed Date |
|---|---|
| 2021 | 01/19/2021 |
| 2022 | 02/08/2022 |
| 2023 | 01/20/2023 |

## Document Images

| | |
|---|---|
| 01/20/2023 -- ANNUAL REPORT | View image in PDF format |
| 02/08/2022 -- ANNUAL REPORT | View image in PDF format |
| 01/19/2021 -- ANNUAL REPORT | View image in PDF format |
| 01/22/2020 -- ANNUAL REPORT | View image in PDF format |
| 01/28/2019 -- ANNUAL REPORT | View image in PDF format |
| 01/17/2018 -- ANNUAL REPORT | View image in PDF format |
| 02/14/2017 -- ANNUAL REPORT | View image in PDF format |
| 03/12/2016 -- ANNUAL REPORT | View image in PDF format |
| 02/03/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/08/2014 -- ANNUAL REPORT | View image in PDF format |
| 03/20/2013 -- ANNUAL REPORT | View image in PDF format |
| 04/17/2012 -- ANNUAL REPORT | View image in PDF format |
| 03/01/2011 -- ANNUAL REPORT | View image in PDF format |
| 04/06/2010 -- ANNUAL REPORT | View image in PDF format |
| 04/28/2009 -- ANNUAL REPORT | View image in PDF format |
| 05/02/2008 -- ANNUAL REPORT | View image in PDF format |
| 05/29/2007 -- ANNUAL REPORT | View image in PDF format |
| 05/18/2006 -- Amendment | View image in PDF format |
| 05/08/2006 -- Domestic Non-Profit | View image in PDF format |

FORM No. 13



## BERMUDA
## THE COMPANIES ACT 1981
# NOTICE OF ADDRESS OF REGISTERED OFFICE
### Pursuant to section 62

Name of Company        RenaissanceRe Specialty U.S. Ltd.

In accordance with section 62(2) of the Companies Act, 1981, I hereby give notice that the

address of the registered office of the above-mentioned Company is -

Renaissance House
12 Crow Lane
Pembroke HM 19
Bermuda

Signed ..........................................

State whether Director or Secretary ..................Provisional Director

Date ...........................11th February, 2013

**EXHIBIT B**



## Property Insurance Notice of Intent to Initiate Litigation

Notice Number:    **83059**

Notice Accepted:    **2/7/2023 8:13:04 PM**

☑ The submitter hereby states that The Property Insurance Intent to Initiate Litigation Notice is provided pursuant to Section 627.70152, Florida Statutes.

| Claimant (Insured filing suit under a residential or commercial insurance policy) |
|---|
| Name:    **JCC 9 Condominium Association, Inc.** |
| Street Address:    **389 Commercial Ct.** |
| City, State Zip:    **Venice, FL 34292** |
| Email Address:    **jwang0510g@gmail.com** |
| Policy Number:    **SBP1000819** |
| Claim Number:    **5500440279** |

| Attorney |
|---|
| Name:    **Matthew Kassel** |
| Street Address:    **4016 Henderson Blvd, Suite E** |
| City, State Zip:    **Tampa, FL 33629** |
| Email Address:    **matt@kassellawgroup.com** |
| Florida Bar #:    **107356** |
| Firm Name:    **Kassel Law Group, PLLC** |
| Role on Claim:    **Represent Insured** |
| * Pursuant to Section 627.70152, Florida Statutes, the Attorney filing this Notice must provide a copy of this Notice to the Claimant. The Claimant's email address is a required field as this Notice will be transmitted to the Claimant upon submission. |

DFS-10-1600
Rev. 07/01/2021

**EXHIBIT C**



### Notice Details

Insurer Name:

**TOWER HILL PRIME INSURANCE COMPANY(11027)**

**\*** Make sure to reference the declarations page on the insurance policy to confirm the legal name of the insurance company. If you are unsure about the correct legal name of the underwriting company, please check with the Secretary of State, Division of Corporations, at www.sunbiz.org, or the Office of Insurance Regulation website at www.companysearch.myfloridacfo.gov to search for an insurer's name.

The Department of Financial Services (Department) does not review entries for accuracy, determine the validity of the allegations, nor verify that the proper insurance company has been selected on the Property Insurance Intent to Initiate Litigation Notice (Notice). This system determines whether a filing is accepted based on whether it contains a response in all required fields necessary to submit a complete Property Insurance Intent to Initiate Litigation Notice. No determination is made as to the legal sufficiency of the information provided by the consumer or their counsel in the submission.

Alleged Acts or Omissions of the Insurer:

**1)FAILURE TO PAY CLAIM IN FULL; 2) FAILURE TO PROMPTLY INVESTIGATE CLAIM; 3) FAILURE TO PROPERLY INVESTIGATE CLAIM; 4) FAILURE TO ADJUST LOSS; 5) FAILURE TO ACT IN DUE DILIGENCE AND GOOD FAITH TO RESOLVE CLAIM; 6) PLACING FINANCIAL INTEREST OF INSURER BEFORE THAT OF POLICY HOLDERS AND CLAIMANTS; 7) FAILURE TO PROPERLY TRAIN, EVALUATE AND MANAGE ADJUSTERS; 8) LOOKING FOR WAYS TO DENY COVERAGE, PAY LESS, DELAY PAYMENT AND OTHERWISE "LOW BALL" OR "STONE WALL" CLAIM; 9) THE REASONS FOR THIS MAY BE ATTRIBUTED TO IMPROPER TRAINING, SUPERVISION, AND/OR MOTIVATION OF ADJUSTERS AND CLAIMS SUPERVISORS. THE INSURER APPEARS TO HAVE FAILED TO ADOPT PROPER STANDARDS OF INVESTIGATION AND ADJUSTMENT OF LOSSES OR IS OTHERWISE NOT IMPLEMENTING THOSE STANDARDS BECAUSE FULL PAYMENT AND PROMPT PAYMENT FOR THE LOSS IS NOT OCCURRING. NOTE: KASSEL LAW GROUP, PLLC ("THE LAW FIRM") REPRESENTS THE INSURED(S) IN THIS MATTER. ALL RESPONSES TO THIS NOTICE SHOULD BE DIRECTED TO KASSEL LAW GROUP, PLLC. ANY INSURANCE CARRIER RESPONSE TO THIS NOTICE MUST BE EMAILED TO ALL OF THE FOLLOWING EMAIL ADDRESSES OF THE LAW FIRM IN ORDER TO BE RECEIVED BY KASSEL LAW GROUP, PLLC: matt@kassellawgroup.com jsacks@thesackslawgroup.com amelia@kassellawgroup.com nicole@kassellawgroup.com teresa@kassellawgroup.com liz@kassellawgroup.com**

This Notice is being provided following alleged acts or omissions by the insurer other than the denial of coverage.

| | |
|---|---|
| Presuit Settlement Demand: | **$481,952.00** |
| Damages: | **$470,852.00** |
| Attorney Fees: | **$10,000.00** |
| Costs: | **$1,100.00** |
| Disputed Amount: | **UNKNOWN** |

### Attachments

The following documents were included as part of this Notice. Please open this Notice online to review or download these documents.
1. JCC9_CONDO.pdf - Damage Estimate from Cypress Hill Services